United States District Court
Southern District of Texas
**ENTERED**
June 21, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Kennth Nelson, et al. | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22−cv−01999 |
| | § | |
| U.S. Bank National Trust Association as Trustee of the SCIG Series III Trust and SN Servicing Corporation | § | |
|    Defendant. | § | |

**ORDER FOR CONFERENCE AND
DISCLOSURE OF INTERESTED PARTIES**

1. Counsel and all parties appearing <u>pro se</u> shall appear for an initial pretrial and scheduling conference before

**Magistrate Judge Andrew M Edison
<u>October 19, 2022, at 09:00 AM</u>**
Courtroom 600 in Houston
United States Courthouse
United States District Court
515 Rusk Street
Houston, TX 77002

2. Within fifteen days from receipt of this order, counsel shall file with the clerk a certificate listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation. If a group can be specified by a general description, individual listing is not necessary. Underline the name of each corporation whose securities are publicly traded. If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pendency of this litigation, then each counsel shall promptly file an amended certificate with the clerk.

3. NOTICE TO PARTIES ASSERTING FEDERAL JURISDICTION IN DIVERSITY CASES: Under 28 U.S.C. § 1332 there must be complete diversity between plaintiffs and defendants. Complete diversity requires that all persons on one side of the controversy be citizens of different states from all persons on the other side. The party asserting federal jurisdiction in a diversity action has the burden to demonstrate that there is complete diversity. The citizenship of limited liability entities is determined by the citizenship of their members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). When members of a limited liability entity are themselves entities or associations,

citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability entity and identifying its citizenship status. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009). If the Complaint or Notice of Removal filed in this action does not show the citizenship of all limited liability entities, the plaintiff (if initiating the action in federal court) or the defendant (if removing the action from state court) is ORDERED to file an amended complaint or notice of removal, respectively, within twenty days from the entry of this order. The failure to allege facts establishing complete diversity of citizenship may result in dismissal or remand of this action by the court on its own initiative without further notice.

4. Fed. R. Civ. P. 4(m) requires defendant(s) to be served within 90 days after the filing of the complaint. The failure of plaintiff(s) to file proof of service within 90 days after the filing of the complaint may result in dismissal of this action by the court on its own initiative.

5. After the parties confer as required by Fed. R. Civ. P. 26(f), counsel and all parties appearing pro se shall prepare and file, not less than 10 days before the scheduling conference, a joint discovery/case management plan containing the information required on the attached form.

6. The court will enter a scheduling order and may rule on any pending motions at the scheduling conference.

7. Counsel and all parties appearing pro se who file or remove an action must serve a copy of this order with the summons and complaint or the notice of removal.

8. Unless proceeding pro se, each party must be represented by an attorney who has knowledge of the facts and authority to bind the party at the scheduling conference.

9. Prior to the scheduling conference, counsel and all parties appearing pro se shall discuss with their clients and each other whether alternative dispute resolution is appropriate and at the conference advise the court of the results of their discussions.

10. A person proceeding pro se is bound by the requirements imposed upon counsel in this Order.

11. Failure to comply with this order may result in sanctions, including dismissal of the action and assessment of fees and costs.

**Court's Procedures:** Information on the court's practices and procedures and how to reach court personnel may be obtained at the Clerk's website at www.txs.uscourts.gov or from the intake desk of the Clerk's office.

**By Order of the Court**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Kennth Nelson, et al.<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 4:22–cv–01999 |
| | § | |
| U.S. Bank National Trust Association as Trustee of the SCIG Series III Trust and SN Servicing Corporation<br>    Defendant. | §<br><br><br>§ | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
### under Rule 26(f) of the
### Federal Rules of Civil Procedure

*(Please restate the instruction before furnishing the responsive information.)*

1. State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses.

2. List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.

3. Briefly describe what this case is about.

4. Specify the allegation of federal jurisdiction.

5. Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

7. List anticipated interventions.

8. Describe class-action issues.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

10. Describe the proposed agreed discovery plan, including:

   a. responses to all the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic discovery;

   b. when and to whom the plaintiff anticipates it may send interrogatories;

   c. when and to whom the defendant anticipates it may send interrogatories;

   d. of whom and by when the plaintiff anticipates taking oral depositions;

   e. of whom and by when the defendant anticipates taking oral depositions;

   f. (i) the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party;

   (ii) the date experts for defendant will be designated and their reports provided to opposing party;

   g. list of expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated completion date (*see* Rule 26(a)(2)(B) (expert report)); and

   h. list of expert depositions the defendant (or opposing party) anticipates taking and their anticipated completion date (*see* Rule26(a)(2)(B) (export report)).

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

13. State the date the planned discovery can reasonably be completed.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

15. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.

16. From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.

17. Magistrate judges may now hear jury and non–jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

19. Specify the number of hours it will take to try this case (including jury selection, presentation of evidence, counsel's opening statements and argument, and charging the jury).

20. List pending motions that could be ruled on at the initial pretrial conference.

21. List other motions pending.

22. Indicate other matters peculiar to this case, including but not limited to traditional and electronic discovery issues, that deserve the special attention of the court at the conference.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

24. List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.

_____           _____

Counsel for Plaintiff(s)                                                              Date


_____           _____

Counsel for Defendant(s)                                                           Date