IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| KENNETH NELSON, SHIRLEY BUTLER-NELSON,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE SCIG SERIES III TRUST, AND SN SERVICING CORPORATION,<br><br>Defendants. | Civil Action No. 4:22-CV-01999 |

## ANSWER

COMES NOW, Defendants, U.S. Bank Trust National Association, as Trustee of Bungalow Series III Trust, and SN Servicing Corporation, (collectively "Defendant") and hereby files its Answer to Plaintiffs' Original Verified Petition and Application for Temporary Restraining Order and Temporary Injunction (the "Complaint") and would respectfully show the Court as follows:

## PARTIES

1. Defendant admits the allegations in Paragraph 1.

2. Defendant admits the allegations of Paragraphs 2-4.

3. Defendant is without sufficient knowledge to admit or deny Paragraph 5.

## JURISDICTION AND VENUE

4. Defendant admits Paragraphs 6-8. Defendant admits the United States District Court for the Southern District of Texas has jurisdiction over this action.

## FACTUAL BACKGROUND

5. Defendant admits the allegation in Paragraph 9 that the real property at issue in this litigation is commonly known as 5021 Paula Street, Houston, Texas 77033 and is legally described as LOT FORTY (40), BLOCK H, OF SUNNYSIDE GARDEN REPLAT, A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 28, PAGE 48 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS (the "Property") and does not have sufficient knowledge to admit or deny any remaining allegations in Paragraph 9.

6. Defendants admit the allegation in Paragraph 10 with respect to execution of the mortgage loan and Deed of Trust. Defendants do not have sufficient knowledge to admit or deny the remainder of the allegations in Paragraph 10.

7. Defendants do not have sufficient knowledge to admit or deny the allegations in Paragraph 11 with respect to COVID-19 hardships. Defendants deny the remaining allegations in Paragraph 11.

8. Defendants deny the allegations in Paragraph 12.

9. Defendants admit that the allegations in Paragraph 13.

10. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 13 and on that basis denies said allegations.

11. Defendants admit the allegations of Paragraph 14.

## FIRST CAUSE OF ACTION:

## DECLARATORY JUDGMENT

12. Defendants incorporate the responses contained in each and every preceding paragraph as though fully set forth at length herein.

13. Paragraphs 13-20 states legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraphs 13-20.

## SECOND CAUSE OF ACTION:

## COMMON LAW FRAUD

14. Defendant incorporates the responses contained in each and every preceding paragraph as though fully set forth at length herein.

15. Paragraph 21-24 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 21-24.

## THIRD CAUSE OF ACTION:

## VIOLATION OF 12 U.S.C. Section 2605

16. Defendants incorporate the responses contained in each and every preceding paragraph as though fully set forth at length herein.

17. Paragraph 27-28 state legal conclusions for which no response is required.

18. To the extent that Paragraphs 25-29 do not state legal conclusions to which no response is required, Defendants deny any allegations in Paragraphs 25-29.

## CONDITIONS PRECEDENT

19.     Defendant incorporates the responses contained in each and every preceding paragraph as though fully set forth at length herein.

20.     Paragraph 30 states a legal conclusion for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 30.

## REMEDIES:

### APPLICATION FOR TEMPORARY RESTRAINING ORDER

21.     Defendants incorporate the responses contained in each and every preceding paragraph as though fully set forth at length herein.

22.      Paragraphs 31-32 state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraphs 31-32 and deny that Plaintiffs are entitled to the relief requested.

### REQUEST FOR TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

23.     Defendant incorporates the responses contained in each and every preceding paragraph as though fully set forth at length herein.

24.     Paragraphs 33-35 state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraphs 33-35 and denies that Plaintiffs are entitled to the relief requested.

### EXEMPLARY DAMAGES AND ATTORNEY FEES

25.     Defendants incorporate the responses contained in each and every preceding paragraph as though fully set forth at length herein.

26. Paragraphs 36-38 state legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraphs 36-38 and denies that Plaintiffs are entitled to the relief requested.

## DEMAND FOR A JURY

27. Defendants incorporate the responses contained in each and every preceding paragraph as though fully set forth at length herein.

28. Paragraph 39 contains no legal or factual allegations for Defendants to admit or deny.

## AFFIRMATIVE DEFENSES

29. Plaintiffs' fail to state a claim upon which relief may be granted.

30. Defendants deny all conditions precedent to Plaintiffs' claims have occurred or otherwise been met.

31. Plaintiffs' claims are barred, in whole or in part, by the statute of limitations and doctrine of laches.

32. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs first materially beached the contract(s) upon which Plaintiffs' base their claims.

33. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs has unclean hands.

34. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' own acts or omissions caused or contributed to Plaintiffs' injury, if any.

35. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver, estoppel, or release.

36. Plaintiffs' claims are barred, in whole or in part, by the failure to pay or tender payment of the amount due.

37. Plaintiffs' claims are barred, in whole or in part, because Plaintiff failed to mitigate damages.

38. Plaintiffs' claims are barred, in whole or in part, by the economic loss rule.

39. Plaintiffs' claims are barred, in whole or in part, because any allegedly wrongful acts or omissions of Defendants were a good faith result of bona fide error.

40. Any allegedly wrongful acts or omissions of Defendants, if and to the extent such acts and omissions occurred, were legally excused or justified.

41. Plaintiffs' claims are barred, in whole or in part, for the reason, and to the extent, they rely upon statements, representations, promises and/or understanding which are required by the statute of frauds and the parol evidence rule to be in writing and signed by the parties to be charged in order to be enforceable and/or justifiably and/or reasonably relied upon, but are not.

42. To the extent Plaintiffs are entitled to recover damages, Defendants are entitled to an offset against any benefits Plaintiffs realized as a result of Plaintiffs' failure to comply with the terms of the loan.

## **PRAYER**

WHEREFORE, Defendants respectfully requests this Court enter judgment that Plaintiffs take nothing by this suit, dismiss Plaintiffs' claims with prejudice and award Defendants any such other relief to which Defendants may be entitled.

Respectfully submitted,

**GHIDOTTI BERGER LLP**

*/s/ Chase Berger*
Chase Berger, Esq.
cberger@ghidottiberger.com
State Bar Number 24115617
9720 Coit Road, Suite 220-228
Plano, Texas 75025
Tel: (305) 501-2808
Fax: (954) 780-5578
**Counsel for Defendants**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served on the following counsel of record in accordance with the Federal Rules of Civil Procedure on this 13th day of July, 2022:

Brandy M. Alexander
2502 La Branch Street
Houston, Texas 77004
Email: brandyalexander@alexanderpllc.com
Attorney for Plaintiffs

By: */s/ Chase Berger*
Chase Berger, Esq