IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KENNETH NELSON, SHIRLEY BUTLER-NELSON<br>     Plaintiffs,<br><br>v.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE SCIG SERIES III TRUST, AND SN SERVICING CORPORATION,<br>     Defendants. | Civil Action No. 4:22-CV-01999 |

**DEFENDANT U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE SCIG SERIES III TRUST AND SN SERVICING CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

  Defendants, U.S. Bank Trust National Association, as Trustee of the SCIG Series III Trust ("US Bank" or "Defendant") and SN Servicing Corporation ("Collectively the "Defendant" or "Defendants"), respectfully file this Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. In support hereof, Defendant shows this Court as follows:

## TABLE OF CONTENTS

|      |                                    | Page |
|------|------------------------------------|------|
| I.   | SUMMARY OF THE MOTION              | 2    |
| II.  | PROCEDURAL HISTORY                 | 2    |
| III. | BACKGROUND                         | 3    |
| IV.  | ISSUES TO BE DECIDED               | 4    |
| V.   | SUMMARY OF DEFENDANTS' ARGUMENT    | 5    |
| VI.  | SUMMARY JUDGMENT STANDARD          | 7    |
| VII. | ARGUMENTS AND AUTHORITIES          | 8    |

## I. SUMMARY OF THE MOTION

1.     Defendants file this Motion for Summary Judgment under Rule 56 because Plaintiffs Kenneth Nelson and Shirley Butler-Nelson ("Plaintiffs") cannot prevail on their claims as a matter of law. Plaintiffs' petition alleges lack of standing to enforce the sale provisions of the deed of trust, common law fraud, and violations of 12 U.S.C. § 2605(k)(1)(C) (RESPA). Plaintiff fails to plead facts that support the elements necessary for recovery or state how they were damaged by the alleged actions of the Defendants.

## II. PROCEDURAL HISTORY

2.     Plaintiffs commenced an action with the Original Petition and Request for Temporary Restraining Order, Declaratory Judgment, Request for Temporary Injunction, and Request for Permanent Injunction Disclosure (the Petition") in the case styled "*Kenneth Nelson and Shirley Butler-Nelson v. U.S. Bank Trust National Association and*

*SN Servicing Corporation* as Cause No. 2022-33198 (the "State Court Action") in the Harris County District Court, 80th Judicial District on June 3, 2022.

3. Plaintiffs attempted to secure a temporary restraining order on June 14, 2022, but the hearing was canceled due to defective service on SN Servicing Corporation. Defendants removed the case to this Court on June 17, 2022, pursuant to 28 U.S.C. §1331, 1332(a), on the basis of diversity jurisdiction and federal question jurisdiction.

4. Defendant now files this Motion for Summary Judgment in response to Plaintiffs' Petition.

### III. BACKGROUND

5. This case arises from Defendants attempt to exercise the power of sale under a valid deed of trust lien on Plaintiff's real property. Plaintiff became delinquent in the payments due under the note. *See* ¶ 11 of the Petition where the Plaintiff admits that "Plaintiff ended up falling delinquent on their mortgage." A foreclosure sale was set for June 7, 2022. Plaintiffs filed the State Court Action to stay the lawful foreclosure.

6. Plaintiffs complain that Defendant is not the present holder of the Deed of Trust and therefore not entitled to enforce the power of sale provided therein. Plaintiffs further complain that Defendant has violated RESPA for alleged lack of follow up on loss mitigation discussions and committed acts amounting to common law fraud.

7. Subsequent to the filing of this case, Defendant sent a loss mitigation package to Plaintiff as requested. However, the loss mitigation evaluation was terminated as Plaintiff failed to provide all documents and information needed for the loss mitigation review.

## VI. ISSUES TO BE DECIDED

**8.   Is Defendant a duly perfected, first, and secured lienholder and present holder of the security interest on the Subject Property and entitled to enforce the power of sale in the Deed of Trust?**

**a.** *Hudson v JP Morgan Chase Bank, N.A., 541 Fed.Appx. 380 (5th Cir. 2013)*

**b.**  *In Re Cowan, 492 B.R. 858, 889 (Bankr. S.D. Tex.2013)*

**c.**  *Denson v. First Bank & Trust of Cleveland, 728 S.W.2d 876,877 (Tex.App.-Beaumont 1987, no writ)*

**9. Is Defendant guilty of committing common law fraud based on an alleged oral promise to transmit loss mitigation documents to Plaintiffs?**

**a.** *Taylor v. Ditech Financial, L.L.C., Civil Action No. H-16-2465, 2017 WL 2362493 (S.D.Tex. May 31, 2017)*

**b.** *Kiper v BAC Home Loans Servicing, LP, 884 F.Supp. 2d 561 (S.D.Tex. 2012)*

**c**. *Springs Window Fashions Div. Inc. v Blind Makers Inc, 184 S.W.3d 840* (Tex.App.-Austin 2006, pet. dism'd by agr).

**10.   Has Plaintiff stated a viable claim for a RESPA violation against Defendant?**

a. *Sherman v. Ditech Financial LLC,* No. 3:17-CV-311-M, 2018 WL 6933162 (N.D. Tex. Dec. 7, 2018)

b. *Whittier v. Ocwen Loan Servicing, L.L.C.*,   594 F. App'x 883 (5th Cir. 2014)

c. *Williams v. Freedom Mortgage Corporation,* 2023 WL 1806023 (N.D. Texas February

7, 2023)

**11.  Is Plaintiff entitled to obtain injunctive relief?**

a.  *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002)

b.  *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011)

## V. SUMMARY OF THE DEFENDANTS' ARGUMENT

12.     The documents filed in the Harris County Deed records show that Defendant is a duly perfected and superior lienholder on the Subject Property and the present holder of the first lien with the corresponding right to exercise the power of sale in the Deed of Trust. Plaintiff has pleaded the incorrect cause of action to establish superior title in and to the Subject Property.

13.     Plaintiffs have no viable cause of action for common law fraud as any oral promise by Defendant to modify the loan agreement is required to be in writing under TEX. BUS. & COM. CODE § 26.01 and 26.02 et seq.

14.     Plaintiffs have no viable cause of action for alleged RESPA violations as Plaintiffs have shown no damages and also failed to submit a complete loss mitigation package to Defendant for review.

15.     Plaintiffs have established no viable cause of action against Defendant as a matter of law and are therefore not entitled to injunctive relief under Texas law.

## **TABLE OF AUTHORITIES**

| **CASES:** | **Pages** |
|---|---|
| *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) | 8 |
| *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) | 8 |
| *Transamerica Ins. Co. v. Avenell*, 66 .3d 715, 718 (5th Cir. 1995) | 8 |
| *Hudson v JP Morgan Chase Bank, N.A.*, 541 Fed.Appx. 380 (5th Cir. 2013) | 9 |
| *In Re Cowan*, 492 B.R. 858, 889 (Bankr. S.D. Tex. 2013) | 9 |
| *Denson v. First Bank & Trust of Cleveland*, 728 S.W.2d 876, 877 (Tex.App.-Beaumont 1987, no writ) | 9 |
| *Hahn v. Lover* 321 S.W.3d 517, 531 (Tex. App.-Houston [1st Dist] 2009, pet. denied | 9 |
| *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.-Corpus Christi 2002, no pet.) | 9 |
| *Martin v. Amerman*, 133 S.W. 3d 262 (Tex. 2004) | 9 |
| *Taylor v. Ditech Financial, L.L.C.*, Civil Action No. H-16-2465, 2017 WL 2362493 (S.D.Tex. May 31, 2017) | 11 |
| *Kiper v BAC Home Loans Servicing, LP,* 884 F.Supp. 2d 561 (S.D.Tex. 2012) | 11 |
| *Springs Window Fashions Div. Inc. v Blind Makers Inc*, 184 S.W.3d 840 (Tex.App.-Austin 2006, pet. dism'd by agr) | 11 |
| *Crittendon v. Bank of New York Mellon*, Civil Action 3;16-V325, 2018 WL 461080 (SD. Tex., Jan 18, 2018) | 12 |

*Sherman v. Ditech Financial LLC,* No. 3:17-CV-311-M, 2018 WL 6933162            12
 (N.D. Tex. Dec. 7,2018)

*Whittier v. Ocwen Loan Servicing, L.L.C.*,   594 F. App'x 883            13
(5th Cir. 2014)

*Williams v. Freedom Mortgage Corporation,* 2023 WL 1806023            13
(N.D. Texas February 7, 2023)

*Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210            13
(Tex. 2002)

*Janvey v. Alguire*, 647 F.3d 585, 595            14
 (5th Cir. 2011)

**STATE STATUTES**

TEX PROP. CODE ANN. § 13.001.            9

TEX. PROP. CODE § 22.001            9

TEX. BUS. & COM. CODE § 26.01 and 26.02 et seq.            11

**RULES AND STATUTES**

FED. R. CIV. P. 9(b)            11

12 U.S.C.  § 2605(k)(1)(C)            12

## VI. Summary Judgment Standard

16.     Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P.  56(c).  Summary judgment is proper where the moving party

establishes that the opposing party lacks sufficient evidence to carry its burden at trial or establishes evidence that disproves an essential element of the opposing party's claim. *Celotex Corp. v. Catrett, 477 U.S. 317,322 (1986).* The Court must draw all "reasonable inferences ... in favor of the nonmoving party, but the nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.' *Hathaway v. Bazany, 507 F.3d 313, 319 (5th Cir. 2007)* quoting *Turner v. Baylor Richardson Medical Center 476 F.3d 337, 343 (5th Cir. 2007).* "The movant bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues on which the movant bears the burden of proof at trial." *Transamerica Ins. Co. v. Avenell, 66 F.3d 715,718 (5th* Cir. 1995). Here, the uncontroverted facts show that as a matter of law, Plaintiff cannot prevail under any articulated theory.

## VII. ARGUMENT AND AUTHORITIES

### A. Plaintiffs have not stated a viable claim for a Declaratory Judgment as the Deed Records of Harris County, Texas show that Defendant is the present holder of a first and superior lien on the Subject Property, and any dispute concerning the interest held by Plaintiffs and Defendants must be adjudicated in a trespass to try title action rather than a quiet tile action.

17. Plaintiffs' petition states that Defendant does not have the right to foreclose because Defendant failed to record all assignments and transfers and therefore does not have a perfected security interest in the subject property. *See* ¶ 15-17 of the Petition.

18. Plaintiffs' allegation that Defendant does not have the right to enforce the security interest and power of sale in the security instrument is wholly without merit. First,

Defendant is the present holder of both the note and Deed of Trust which are attached as Exhibit 1. Plaintiffs have admitted that the payments on the note are in default. See ¶ 11 of the Petition. Consequently, Defendant has the legal right to exercise the power of sale under these documents and proceed with a nonjudicial foreclosure according to applicable law.

19. Further, there is no requirement in Texas that a deed of trust or related assignment be recorded to be valid. Any failure to record an assignment does not affect the validity of the deed of trust as between the borrower and lienholder. See *Hudson v JP Morgan Chase Bank, N.A.*, 541 Fed.Appx. 380 (5th Cir. 2013); *In Re Cowan*, 492 B.R. 858, 889 (Bankr. S.D. Tex.2013); *Denson v. First Bank & Trust of Cleveland*, 728 S.W.2d 876,877 (Tex.App.-Beaumont 1987, no writ); See also TEX PROP. CODE ANN. § 13.001. Even though it is not required under Texas law to foreclose a lien on real property, Defendant has presented sufficient evidence to show it is the present holder of the first lien on the subject property pursuant to the Deed of Trust executed by Plaintiff and therefore entitled to exercise the power of sale in the Deed of Trust due to Plaintiff's default on the loan payments.

20. Plaintiffs have also failed to show that a declaratory judgment for quiet title is the proper cause of action as Plaintiff has not demonstrated they can recover based on the strength of their own title versus the alleged defects in that of Defendant. See *Hahn v. Lover* 321 S.W.3d 517,531 (Tex.App.-Houston [1st Dist] 2009, pet. denied); *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex.App.-Corpus Christi 2002, no pet.). Further, in Texas, a trespass to try title action is the sole method of resolving title disputes under TEX. PROP. CODE § 22.001. See *Martin v. Amerman*, 133 S.W.3d

262 (Tex. 2004). Consequently, Defendant is entitled to summary judgment as a matter of law with respect to Plaintiff's request for a Declaratory Judgment. Defendant is the present holder of the first and superior lien on the Subject Property and entitled to enforce the power of sale in the Deed of Trust. Plaintiffs' allegation that Defendant lacks an enforceable right to exercise the power of sale under its Deed of Trust is wholly without merit and fails as a matter of law given that Plaintiffs failed to file this case as a trespass to try title.

### B. Plaintiffs have failed to state a viable claim for common law fraud under the Texas Statute of Frauds.

21. Plaintiffs allege that Defendant committed common law fraud by verbally advising that loss mitigation was an option but then "refused" to provide the necessary documents for this review. Plaintiffs' basis for alleging fraud stems from a purported telephone conversion with an individual who ostensibly was an SN employee. See ¶ 11 and 23 of the Petition and Plaintiffs' Response to Interrogatories Number 6 And Response to Request for Production Number 2, 3, and 5 attached as Exhibit 2. As to the oral communication, no details are provided as to the date of the alleged telephone conversation or the number that was allegedly called. Plaintiffs further fail to provide details on how Defendants "refused" to provide the loss mitigation documents as allegedly promised. Plaintiffs admit they can produce no documents evidencing that Defendant made misrepresentations with respect to a loan modification review or a loss mitigation review. See Plaintiffs' Response to Defendant's Request for Production Number 5 attached at Exhibit 2.

22. Plaintiff's claim for fraud fails as a matter of law because the alleged

oral promise to modify the loan pursuant to a loss mitigation review was required to be in writing under Texas statute of frauds. See TEX. BUS. & COM. CODE § 26.01 and 26.02 et seq. See also *Taylor v. Ditech Financial, L.L.C., Civil Action No. H-16-2465, 2017 WL 2362493 (S.D.Tex. May 31,2017); Kiper v BAC Home Loans Servicing, LP, 884 F.Supp. 2d 561 (S.D.Tex. 2012).* As such, any claim for fraud, common law or otherwise, fails as a matter of law and entitles Defendant to entry of summary judgment on this claim.

23. Plaintiffs have further incorrectly described Defendant's alleged failure to act as proof of fraud. A cause of action for fraud requires a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury. In this case, Plaintiffs have articulated no facts that satisfy any element with respect to proving fraud. The sole basis for alleging fraud is Defendant's alleged failure to send loss mitigation documents to Plaintiffs. However, this is legally insufficient to prove fraud. A failure to perform an act is not a refusal to perform an act. Further, a failure to act or refrain from doing an act is not standing alone evidence of fraud. It must be shown that the alleged wrongdoer had no intention of performing the act. See *Springs Window Fashions Div. Inc. v Blind Makers Inc, 184 S.W.3d 840* (Tex.App.-Austin 2006, pet. dism'd by agr). Plaintiffs have made no such showing.

24. Finally, Plaintiffs have failed to meet the criteria for alleging fraud under FED. R. CIV. P. 9(b). Under this rule, Plaintiff is required to provide details as to the alleged

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Page 11 of 15

wrongdoing with respect to the time, place, contents of the false representations, identity of the person making the representation, and what this person obtained by making the representation. Plaintiffs' pleadings provide no information on any of these elements and therefore do not survive the heightened level of scrutiny and specificity required under Rule 9(b). Consequently, Plaintiffs' claims for fraud fail as a matter of law and require summary judgment in favor of Defendant. See *Crittendon v. Bank of New York Mellon*, Civil Action 3:16-V325, 2018 WL 461080 (SD. Tex., Jan 18, 2018).

### C. Plaintiffs have failed to state a claim for a RESPA violation because a complete modification package was not submitted to Defendant and Plaintiff has sustained no discernable damages.

25.     Plaintiffs have alleged a violation of RESPA under 12 U.S.C. § 2605(k)(1)(C) for the alleged failure to provide loss mitigation documents. As previously discussed, Plaintiffs have failed to provide the necessary details regarding the communications related to the loss mitigation review. Conspicuously absent from Plaintiffs' pleadings is any recital of the alleged actual damages that Plaintiffs suffered as a result of Defendant's alleged wrongful conduct and the nexus between the damages and the conduct. See Response to Request for Interrogatories Number 1 and Response to Request for Production Number 6 and Number 7 attached as Exhibit 2. Plaintiffs have further failed to plead any facts that would give rise to an inference that they suffered any damages from the alleged failure of Defendant to send the loss mitigation documents. Plaintiffs are required to allege facts that show the damages suffered and how the alleged wrongdoing caused these damages. See *Sherman v. Ditech Financial LLC,* No. 3:17-CV-311-M, 2018

WL 6933162 (N.D. Tex. Dec. 7,2018).; *Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 883 (5th Cir. 2014). Plaintiffs have failed to plead the threshold facts necessary to maintain an action for a RESPA violation, and therefore such claims fail as a matter of law.

26. Further, as set forth in Exhibit 3, Defendant sent a loss mitigation package to Plaintiffs on or about August 11, 2022. Defendant further notified Plaintiffs in writing that the modification review could not be completed until additional documentation and information was provided which is attached as Exhibit #5. Plaintiffs, however, did not provide these documents and information and the review was closed. See attached Exhibit 4. See also Affidavit of William Fogleman attached hereto as Exhibit 6.

27. The failure to submit a completed loss mitigation package nullifies a lender's loss mitigation duties under RESPA. See generally examination of RESPA claims and standards. *Williams v. Freedom Mortgage Corporation,* 2023 WL 1806023 (N.D. Texas February 7, 2023). Plaintiffs, therefore, as a matter of law have presented no claim for a RESPA violation due to having no actual damages and the failure to submit a completed loss mitigation package even though Defendant provided this opportunity. With respect to Plaintiffs' claims for a RESPA violation, Defendant is entitled to judgment as a matter of law.

### D. Plaintiff is not Entitled to Injunctive Relief under Texas law.

28. Texas law does not provide for injunctive relief absent a viable cause of action. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002). Plaintiffs have no viable cause of action in this case. Even if injunctive relief was a separate cause of action,

Plaintiff has the burden of establishing: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.  *See Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

29.     Plaintiffs have failed to plead any facts that would show wrongdoing by the Defendant or lack of an adequate remedy. As previously discussed, Plaintiffs as a matter of law, cannot recover on any cause of action pled herein and thus are not entitled to obtain any injunctive relief.  Having failed to establish the first element, a substantial likelihood of success on the merits, the Court is required to deny any injunctive relief to Plaintiffs.

## CONCLUSION

For the foregoing reason, Defendant therefore respectfully requests that this Court grant this Motion for Summary Judgment in its entirety and enter judgment in their favor and against Plaintiffs. Defendant further requests the Court enter Order declaring all Plaintiffs' causes of action are denied in their entirety.

Date: March 29,2023

Respectfully submitted,

**GHIDOTTI | BERGER LLP**
*/s/ Chase A. Berger*
Chase A. Berger, Esq.
State Bar No. 24115617
16801 Addison Road Suite 350
Addison, Texas 75001
Tel: (305) 501-2808
Fax: (954) 780-5578
Email: cberger@ghidottiberger.com
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on March 29, 2023, this document was served upon Plaintiff and all other interested parties by the Court's ECF system, first class mail, and/or e-mail.

Brandy M. Alexander
Alexander Law, PLLC
2502 La Branch Street
Houston, Texas 77004
(832) 360-2318 Telephone
(346) 998-0886 Facsimile
Email: brandyalexander@alexanderpllc.com
ATTORNEY FOR PLAINTIFF

By: /s/ Chase Berger
Chase Berger