IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| KENNETH NELSON, SHIRLEY BUTLER-NELSON<br><br>       Plaintiffs,<br><br>     v.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE SCIG SERIES III TRUST, AND SN SERVICING CORPORATION,<br>       Defendants. | Civil Action No. 4:22-cv-01999 |

**PLAINTIFF'S RESPONE TO DEFENDANTS' REQUEST FOR PRODUCTION**

TO: Defendants U.S. Bank Trust National Association, as Trustee of the SCIG Series III Trust, and SN Servicing Corporation, through its attorney, Chase A. Berge at GHIDOTTI BERGER LLP, 9720 Coit Road, Ste 220-228, Plano Texas, 75025.

Plaintiffs serves the following responses to Defendants' Request for Production, Request for Interrogatories, and Request for Admissions.

             Respectfully submitted,

             ALEXANDER LAW, PLLC
             <u>*/s/ Brandy M. Alexander*</u>
             Brandy M. Alexander
             Tex. Bar No. 24108421
             2502 La Branch St | Houston, Texas 77004
             Tel: (832) 360-2318| Fax: (346) 998-0886
             Email: brandyalexander@alexanderpllc.com

EXHIBIT 2

## RESPONSE TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Please produce all documents evidencing YOUR request for a loan modification and/or loss mitigation review by Defendant as identified in Defendants Request for Interrogatory Number 5.

RESPONSE:
Production, inspection, and other requested action will be permitted as requested with the 2 loss mitigation packets. The requested items are being served on the requesting party with the response. Respondent reserves the right to supplement and/or amend its response. See bates labeled NEL 001-051.

### REQUEST FOR PRODUCTION NO. 2:

Please produce a copy of all emails that YOU sent to Defendant in the 2021 and 2022 calendar years evidencing your request for a loan modification and/or loss mitigation review by Defendant.

RESPONSE:
No items have been identified that are responsive to the request. Respondent has made a diligent search in an effort to comply with the demand. Respondent will supplement and/or amend if the referred to production request later is identified.

### REQUEST FOR PRODUCTION NO. 3:

Please produce all documents YOU sent to Defendant in the past five (5) years evidencing a dispute as to the Loan balance or servicing irregularities.

RESPONSE:
Respondent knows of one letter that was sent around March of 2022 but cannot locate the letter. No items have been identified that are responsive to the request. Respondent has made a diligent search in an effort to comply with the demand. Respondent will supplement and/or amend if the referred to production request later is identified.

### REQUEST FOR PRODUCTION NO. 4:

Please produce all DOCUMENTS to support YOUR claim that Defendant violated the SUBJECT LOAN, or the terms of the SUBJECT LOAN.

RESPONSE:
Production, inspection, and other requested action will be permitted as requested with the Deed of Trust. The requested items are being served on the requesting party with the response. Respondent reserves the right to supplement and/or amend its response. See bates labeled NEL 052- 068.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all DOCUMENTS that support YOUR claim that Defendant made misrepresentations with respect to a loan modification review or other loss mitigation review.

RESPONSE:
No items have been identified that are responsive to the request. Respondent has made a diligent search in an effort to comply with the demand. Respondent will supplement and/or amend if the referred to production request later is identified.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce all DOCUMENTS that support YOUR claim that YOU suffered actual damages as a result of Defendants actions with respect to servicing of the loan.

RESPONSE:
The item that is responsive to the request is the documents related incurred delinquency beginning around January 2022. Respondent believes Defendant has the documents showing the increasing balance delinquency production in its custody. Respondent has made a diligent search in an effort to comply with the demand. Respondent will supplement and/or amend if the referred to production request later is identified.

**REQUEST FOR PRODUCTION NO. 7:**

Please provide all DOCUMENTS that support YOUR claim that you suffered actual damages, as set forth in paragraph twenty-seven of the PETITION.

RESPONSE:
Paragraph 27 of the Petition does not state a claim for damages – that paragraph in the Petition is stating how RESPA creates a private right of action. If regarding any damages, Respondent refers to its response to Request for Production No. 6. Respondent has made a diligent search in an effort to comply with the demand. Respondent will supplement and/or amend if the referred to production request later is identified.

# RESPONSE TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Please describe in detail all the actual damages YOU claim to have incurred with respect to the servicing of the Loan by Defendant.

RESPONSE:
Respondent suffered monetary damages that incurred as a result of Defendant's actions and inactions through having the delinquency continue to increase, and then having to make last minute arrangements to pay for help outside of the servicer to mitigate the delinquency.

**INTERROGATORY NO. 2:**

Please state the factual basis for YOUR allegation forth in paragraph seventeen (17) of the PETITION that Defendant has not properly recorded all transfers and assignments of the Deed of Trust.

RESPONSE:
The original note was with Sebring Capital Partners, LP, and not Defendant. Respondent never received notice of the transfers per the deed of trust. When conducting a real property search in Harris County, Texas, Respondent did not find any assignment to Defendant.

**INTERROGATORY NO. 3:**

For each Request for Admission that YOU denied, please set forth in detail the factual basis for each denial.

RESPONSE:
    Response 2.    Respondent denies that Shirley Nelson signed the note.
    Response 3.    Respondent denies that Shirley Nelson signed the note.
    Response 6.    Respondent denies that they filed the Petition solely because of the definition for "you" in the request for admissions was only defined for Kenneth and Shirley Nelson. Respondent's attorney had filed that Petition.
    Response 9.    Respondent denies that they received the letter marked as Exhibit 4 because they did not receive that letter in the mail. Respondent only knew about the issue with the loan modification because their attorney was notified and relayed that information to Respondent.
    Response 16.    Respondent denies they received the letter marked as Exhibit 7 because they never received that letter. Respondent only knew about the missing documentation information through their lawyer.
    Response 17.    Respondent denies that they did not incur actual damages because there were monetary damages as a result of the inactions of the loan servicer.

**INTERROGATORY NO. 4:**

Please state the factual basis for YOUR allegations forth in paragraph twenty-three (23) of the PETITION that Defendant committed fraud in the course of serving the loan.

RESPONSE:

Respondent was told by Dani Coe after they received the notice of intent to accelerate that there were loss mitigation options available in order to prevent the foreclosure of the property. Respondent, taking Dani Coe's statement into account, continued to follow up with Dani Coe regarding any loss mitigation options, but never received a response from Dani Coe. Respondents called again after March of 2022, and spoke to another representative who promised to get Respondent the loss mitigation documents. Respondent still never received the documentation and continued to call and request the loss mitigation documents, with each representative promising to provide the loss mitigation documents, but Respondents never received the loss mitigation documents until after the Petition was filed.

**INTERROGATORY NO. 5:**

Please identity all written correspondence that you sent to Defendant in the 2021 and 2022 calendar years that requested a loan modification review and/or other loss mitigation options.

RESPONSE:
Respondent can identify a letter that was sent to Defendant around March 2022 inquiring about the delinquency of the loan. Respondent will amend/supplement its answer upon finding other written correspondence.

**INTERROGATORY NO. 6:**

Please state the date(s) that YOU claim to have spoken by telephone with Defendant in the 2021 and 2022 calendar year.

RESPONSE:
Respondent cannot identify which dates there was telephone correspondence, but Respondent knows the telephone correspondence occurred between January 2022 and June 2022. Respondent will amend/supplement its answer upon finding the exact dates of those telephone correspondence.

## RESPONSE TO REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

Admit that it is your signature on the Note that is attached hereto as Exhibit 1.

RESPONSE:

Respondent only admits that it is the signature of Kenneth Nelson. Respondent denies that Shirley Nelson signed the note.

**REQUEST FOR ADMISSION NO. 2:**

Admit that the attached Exhibit 1 is a true and correct and genuine copy of the Note YOU signed.

RESPONSE:

Respondent only admits that it is a true and correct copy of the Note that Kenneth Nelson signed. Respondent denies that Shirley Nelson signed the note.

**REQUEST FOR ADMISSION NO. 3:**

Admit that it is your signature on the Deed of Trust that is attached hereto as Exhibit 2.

RESPONSE:

Admit

**REQUEST FOR ADMISSION NO. 4:**

Admit that the attached Exhibit 2 is a true and correct and genuine copy of the Deed of Trust YOU signed.

RESPONSE:

Admit

**REQUEST FOR ADMISSION NO. 5:**

Admit that SN send a loan modification package to your attorney on or about August 11,2022 attached hereto as Exhibit 3.

RESPONSE:

Admit

**REQUEST FOR ADMISSION NO. 6:**

Admit YOU filed cause number 2022-33198 to stop the foreclosure sale that had been scheduled on June 7, 2022.

RESPONSE:

Deny

**REQUEST FOR ADMISSION NO. 7:**

YOUR loan is due for the January 1,2021 payment.

RESPONSE:

Respondent does not have personal knowledge to respond to this.

**REQUEST FOR ADMISSION NO. 8:**

YOUR loan is presently in default.

RESPONSE:

Admit

**REQUEST FOR ADMISSION NO. 9:**

Admit that SN send YOU a letter on or about October 11,2022 attached hereto as Exhibit 4, advising that review of the loan modification package sent on or about October 7,2022 had been canceled because you had not provided all necessary information to complete the review.

RESPONSE:

Deny

**REQUEST FOR ADMISSION NO. 10:**

YOU still have not provided all necessary information to SN to complete the modification review.

RESPONSE:

Admit

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU received the Demand Letter and Notice of Intent to Accelerate attached hereto as Exhibit 5 on January 15, 2022.

RESPONSE:

Admit

**REQUEST FOR ADMISSION NO. 12:**

Admit that YOU received the Notice of Acceleration attached hereto as Exhibit 6.

RESPONE:

Respondent does not remember and cannot accurately deny or admit to this request.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Defendant by and through validly recorded transfer/Assignment of Mortgages is the present holder of the Deed of Trust encumbering the Property and is authorized thereunder to exercise the power of sale based on YOUR default.

OBJECTION: Respondent objects to the request and refuses to admit or deny the matter because the request asks for an admission of a purely legal question or conclusion rather than an admission of opinion or of fact or of the application of law to fact. Respondent neither admits nor denies.

**REQUEST FOR ADMISSION NO. 14:**

Admit YOU do not have the funds to bring the payments on your current to cure YOUR existing default.

RESPONSE:

Respondent does not have the personal knowledge to respond to this request.

**REQUEST FOR ADMISSION NO. 15:**

Admit Defendant has fulfilled your request for a loan modification review.

RESPONSE:

Admit only to the request for a loan modification review after the Petition was filed.

**REQUEST FOR ADMISSION NO. 16:**

Admit that SN send YOU a letter on or about September 9,2022 attached hereto as Exhibit 7, advising that YOUR Application was incomplete due to missing documentation and information regarding the amount YOU could pay as a Good Faith Payment.

RESPONSE:

Deny

**REQUEST FOR ADMISSION NO. 17:**

Admit YOU have sustained no actual damages during the course of the loan servicing by Defendant.

RESPONSE:

Deny

DATED:        February 20, 2023

                              Respectfully submitted,

                              ALEXANDER LAW, PLLC
                              */s/ Brandy M. Alexander*
                              Brandy M. Alexander
                              Tex. Bar No. 24108421
                              2502 La Branch St | Houston, Texas 77004
                              Tel: (832) 360-2318| Fax: (346) 998-0886
                              Email: brandyalexander@alexanderpllc.com

## **CERTIFICATE OF SERVICE**

       This is to certify that a true and correct copy of the foregoing document was served on the following counsel of record via email in accordance with the Federal Rules of Civil Procedure on February 20, 2023.

GHIDOTTI BERGER LLP
Chase A. Berger
State Bar No. 24115617
9720 Coit Road, Ste. 220-228
Plano, Texas  75025
Tel: (305) 501-2808
Fax: (954) 780-5578
Email: cberger@ghidottiberger.com
Attorneys for Defendants

                                                                    */s/ Brandy M. Alexander*
                                                                     Brandy M. Alexander