IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| KENNETH NELSON,<br>SHIRLEY BUTLER-NELSON<br>      Plaintiffs,<br><br>v.<br><br>U.S. BANK TRUST NATIONAL<br>ASSOCIATION, AS TRUSTEE OF<br>THE SCIG SERIES III TRUST, AND<br>SN SERVICING CORPORATION,<br>      Defendants. | Civil Action No. 4:22-CV-01999 |

### BUSINESS RECORDS AFFIDAVIT OF U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE SCIG SERIES III TRUST AND SN SERVICING CORPORATION IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

  Before me, the undersigned notary, on this day, personally appeared __William A Fogleman__, a person whose identity is known to me, who being by me duly sworn, deposed as follows:

  1. "My name is __William A Fogleman__. (Affiant). I am at least 18 years of age, of sound mind, capable of making this affidavit and fully competent to testify to the matters stated herein. I am an employee of SN Serving Corporation ("Servicer"), the loan servicer, which began servicing this loan on __March 30 2018__, for U.S. Bank Trust National Association as Trustee of the SCIG Series III Trust ("Investor").

  2. I am a/the __Corporate Counsel__ (Job Title) for Servicer and am responsible for reviewing the Investor's business records and public records associated with mortgage obligations on a daily basis to determine the validity and past due status of mortgage debts that have been referred to counsel for foreclosure lawsuits. Based upon my job responsibilities in my position with Servicer and knowledge of the regularly conducted business activities of Servicer, I am qualified to testify regarding the

records of regularly conducted activity pertaining to the mortgage loan of Kenneth Nelson and Shirley Butler-Nelson ("Plaintiff," whether one or more) which mortgage loan is designated by its last four digits of the Loan Number as 0591 ("Loan").

3. Servicer is a company Incorporated in the State of Alaska and authorized to conduct business in the State of Texas.

4. The Investor's business records ("Business Records") about which I am testifying in this affidavit are kept by Investor in the regular course of business, and it was the regular course of business of Investor for an employee or representative of Investor with knowledge of the act, event, condition, opinion, or diagnosis that was recorded, to make this record or to transmit the information to be included in this record. The record was made at or near the time or reasonably soon after the act, event, condition, opinion, or diagnosis that was recorded. The Business Records attached to this affidavit are the originals or exact duplicates of the original records kept in the servicing file for Plaintiff's account.

5. Servicer has a servicing file that contains all of the documents associated with the mortgage loan, including the note and a recorded copy of the security instrument securing the obligation of the borrower to repay the note. At the time a mortgage loan is referred to counsel for foreclosure, I am responsible for reviewing the servicing file. In this case, I reviewed the servicing file and found that the document attached to this affidavit as **Exhibit A-1** is an exact copy of the Note ("Note") contained in the file. Further, I reviewed the Security Document (Deed of Trust) ("Security Instrument") and assignments contained in the file, an exact copy of which is attached hereto as **Exhibit A-2**. There are no documents in the servicing file indicating that Plaintiffs ever contested the signatures on the Note or Security Instrument. Defendant is the present mortgagee pursuant to the duly recorded assignments set forth in **Exhibit A-2.**

6. Based upon my review of the Note contained in the origination file, a debt exists. The Note reflects that on or December 22, 2004, Kenneth Nelson executed and delivered the Note to Sebring Capital Partners, Limited Partnership ("Lender"). The Note is attached to this affidavit as **Exhibit A-1**.

7. Based upon my review of the recorded copy of the Security Instrument contained in the servicing file, it secures a promissory note, and the real property encumbered by the lien is commonly known as 5021 Paula Street, Houston, Texas 77033, and legally described as:

Lot Forty (40), in Block H of Sunnyside Gardens Replat, a Subdivision in Harris County, Texas according to the Map or Plat thereof recorded in Volume 28, Page 48 of the Map records of Harris County, Texas. ("the "Property")

The Investor is the present owner and holder of the Note and Security Instrument.

8. The Loan is contractually due for the January 1, 2021 payment, and no payments have been received or posted to the Loan since July 1, 2021.

9. The Business Records of the Investor show that Plaintiff has not made the payments of principal and interest due under the terms of the Note and for that reason the Note is in default.

10. The Business Records of the Investor do not show that Plaintiff contacted, communicated, or otherwise requested a loan modification prior to the filing of this lawsuit.

11. Defendant on or about August 11, 2022 sent a modification package to Defendant attached as **Exhibit A-3**.

12. Defendant sent notification on September 9, 2022 and October 7, 2022 that the application package was missing documents and other information needed in order to complete review of the modification request and these notifications are attached as **Exhibit A-4**.

13. Despite been given ample time to submit the necessary documents and information, Plaintiff failed to respond to Defendant's requests and the review was terminated on October 11, 2022, and the notification of the review termination is attached as **Exhibit A-5**.

14. Defendant has sent all notices required under the Loan Agreement and applicable law with respect to Plaintiff's default on the Loan payments and all conditions precedent have occurred for Defendant to exercise the power of sale set forth in the Deed of Trust attached as **Exhibit A-6**.

15.     Included in the Business Records attached to this affidavit are the following documents which are hereby incorporated by reference for all purposes:

Exhibit A-1: Note
Exhibit A-2: Security Instrument
Exhibit A-3: Modification package
Exhibit A-4: Notifications modification package submitted incomplete
Exhibit A-5: Notification modification review cancelation
Exhibit A-6: Default notices

16. Defendant is in default on payments under the Loan Agreement and Defendant has offered loss mitigation options to Plaintiff which have not been accepted.

17. Defendant has complied with all obligations under applicable law and is authorized to exercise the power of sale under the Deed of Trust based on Plaintiffs' default under the Loan Agreement."

**U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE SCIG SERIES III TRUST, BY SN SERVING CORPORATION, ITS SERVICING AGENT**

By: _William A Fogleman_
Name: _William A Fogleman_
Title: _Corporate Counsel_

STATE OF _LOUISIANA_ §
§
COUNTY OF _EAST BATON ROUGE_ §

Subscribed and sworn to before me on _March 15_, 2023, by _William A Fogleman_.

_[signature]_
Notary Public, State of _LA_

_[Notary seal: JOHN E. CLARK, NOTARY PUBLIC, NOTARY ID NO. 041228, ASCENSION PARISH, LA, COMMISSION EXPIRES AT DEATH]_